Bank of N.Y. Mellon Trust Co., NA v Kim (2025 NY Slip Op 07219)

Bank of N.Y. Mellon Trust Co., NA v Kim

2025 NY Slip Op 07219

Decided on December 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 23, 2025

Before: Kennedy, J.P. SEQ CHAPTER \h \r 1, Kapnick, Michael, Hagler, JJ. 

Index No. 850276/22|Appeal No. 5449|Case No. 2024-03145|

[*1]The Bank of New York Mellon Trust Company, NA, etc., Respondent,
v
Brian Kim, Appellant, Citibank, N.A., et al., Defendant.

Binakis Law, P.C., Astoria (Patrick Binakis of counsel), for appellant.
Hinshaw & Culbertson LLP, New York (Robert D. Bailey of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered on or about April 4, 2024, which, to the extent appealed from, denied defendant's motion to dismiss based on the statute of limitations, unanimously affirmed, without costs.
Plaintiff accelerated its loan by commencing a foreclosure action on March 29, 2013, which was dismissed based on plaintiff's failure to timely serve defendant. Plaintiff then timely commenced an essentially identical foreclosure action on December 3, 2018, which was dismissed on July 7, 2022 for failure to comply with RPAPL 1304. While an appeal from that dismissal was pending, plaintiff brought this action on December 20, 2022, over three years after the six-year statute of limitations would have expired based on the original acceleration date of March 29, 2013 (CPLR 213[4]). However, CPLR 205-a, the recently enacted "savings statute" for foreclosure actions dismissed under certain circumstances, which permits relation back to the commencement date of the dismissed action if a new action is commenced within six months of dismissal, applies, rendering this action timely. First, plaintiff was the same plaintiff that brought the 2018 action and thus the "original plaintiff" within the meaning of CPLR 205-a. Second, since the 2018 action was dismissed based on noncompliance with RPAPL 1304, this case does not present one of the circumstances under which a plaintiff cannot avail itself of CPLR 205-a (see Wilmington Sav. Fund Socy., FSB v Milne, 234 AD3d 512, 513 [1st Dept 2025]). Third, as required by the statute, plaintiff completed service of this action within six months of the 2018 action's termination. Although the 2018 action was dismissed in early July 2022, plaintiff filed a timely notice of appeal, and did not withdraw that appeal until December 28, 2022, giving plaintiff six months from that date, that is June 28, 2023, to complete service of the summons in this action, rendering plaintiff's completion of service on January 14, 2023 timely (see CPLR 205-a[a]; Loreley Fin. [Jersey] No. 3, Ltd. v Morgan Stanley & Co. Inc., 133 AD3d 425, 426 [1st Dept 2015]; U.S. Bank N.A. v Coleman, 215 AD3d 780, 783 [2d Dept 2023]). The action was also timely if we treat the termination of the 2018 action as effective February 2, 2023, the date this Court deemed the appeal withdrawn (see M-2022-05185), as plaintiff would have had until August 2, 2023, to complete service.
To the extent defendant argues for dismissal based on plaintiff's alleged lack of standing and alleged lack of compliance with RPAPL 1304, we note that defendant did not move for dismissal under any ground other than statute of limitations.
We have considered defendant's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 23, 2025